UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
Shaun Reen,

                      Plaintiff,

    -v-

The City of New York; New York City Police Department ("NYPD") Traffic Agent ("T.A.") Mohammad Islam (Shield No. 3723), in his individual capacity,

                      Defendants.
-----------------------------------------------------------------x

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

Index No. 16-CV-3347

Plaintiff Shaun Reen, by his attorney David B. Rankin for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the First, Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff Shaun Reen's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally detained and arrested plaintiff despite the absence of probable cause. By reason of defendants' actions, including the unreasonable and unlawful seizure of his person, plaintiff was deprived of his constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

1

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that plaintiff's claim arose in the Eastern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

## PARTIES

8. Plaintiff Shaun Reen ("Mr. Reen") is, and was at all times relevant to this action, a resident of the County of Queens in the State of New York.

9. Mr. Reen is 62 years old and a retired member of the New York City Fire Department ("FDNY").

10. Defendant the City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and police officers as said risks attach to the public consumers of the services provided by the NYPD.

11. Traffic Agent ("T.A.") Mohammad Islam ("Islam") is and was at all times relevant herein, an officer, employee and agent of the NYPD.

12. The individual defendant is being sued herein in his individual capacity.

13. At all times relevant herein, the individual defendant was acting under color of state law in the course and scope of his duties and functions as an agent, servant, employee and officer of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties. He was acting for and on behalf of the NYPD

at all times relevant herein, with the power and authority vested in him as an officer, agent and employee of the NYPD and incidental to the lawful pursuit of his duties as an officer, employee, and agent of the NYPD.

14. The individual defendant's acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

## STATEMENT OF FACTS

15. Mr. Reen's arrest was unlawfully caused by Defendant T.A. Islam on July 1, 2015 at approximately Cronston Avenue and Beach 129 Street in the County of Queens in the State of New York.

16. On July 1, 2015 at approximately 3:00 p.m., Mr. Reen was riding his bicycle, when he observed a NYPD traffic vehicle parked in front of a fire hydrant at the intersection of Cronston Avenue and Beach 129 Street.

17. As a former firefighter in and resident of the neighborhood, Mr. Reen knew traffic agents frequently parked illegally in front of that specific hydrant.

18. Mr. Reen bicycled toward Defendant T.A. Islam to ask him to move from the fire hydrant.

19. Defendant T.A. Islam did not move the vehicle, and instead responded by accusing Mr. Reen of assaulting him, making racist comments, and causing damage to the NYPD vehicle.

20. At no point did Mr. Reen touch Defendant T.A. Islam or his vehicle, make any comments about or connected to Defendant T.A. Islam's race, and no damage was caused to the traffic vehicle.

21. Mr. Reen then asked Defendant T.A. Islam to call for his supervisor, at which point T.A. Islam got in his car and refused to do so.

22. At this point, Mr. Reen's friend J.S. drove by. Mr. Reen indicated to J.S. that there was an issue and asked him to stay to witness the incident.

23. At this point, J.S. exited his car and walked to the back of the traffic vehicle in order to take pictures and/or video of the scene.

24. Defendant T.A. Islam made a call and Police Officer ("P.O.") William Grieshaber and P.O. John Doe arrived.

25. When the police officers arrived, Defendant T.A. Islam falsely informed them that Mr. Reen had assaulted him.

26. Defendant T.A. Islam also falsely alleged to the officers that Mr. Reen had interfered with his official duties.

27. At no point did Mr. Reen assault Defendant T.A. Islam nor did Mr. Reen obstruct or interfere with any of Defendant T.A. Islam's duties.

28. P.O. Grieshaber and P.O. Doe arrested Mr. Reen and charged him with Obstructing Governmental Administration in the Second Degree, P.L. § 195.05.

29. The charges were based upon the false statements of Defendant T.A. Islam.

30. Mr. Reen spent less than 24 hours in police custody.

31. He was spent $5,000 in attorney's fees for his defense and had to appear in court on six occasions before the charge was dismissed on April 27, 2016.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983
### (Against the individual defendants)

32. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

33. By his conduct and actions in falsely arresting plaintiff, arresting plaintiff in retaliation for protected activity and the prior restraint of the same, fabricating evidence, maliciously proscuting, and abusing criminal process, Defendant T.A. Islam, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed through 42 U.S.C. § 1983 and the United States Constitution, including its First, Fourth and Fourteenth Amendments.

34. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

**SECOND CLAIM FOR RELIEF**
**LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS**
(Against the City of New York)

35. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36. At all times material to this complaint, Defendant City had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

37. At all times material to this complaint, defendant City failed to properly train, screen, supervise, or discipline its employees and police officers, including the individual defendants and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

5

38. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

39. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. That he be awarded punitive damages against the individual defendant; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated:  June 21, 2016
        New York, New York

Respectfully submitted,

By: _____
David B. Rankin
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507
e: David@DRMTLaw.com