

<div style="display:flex; justify-content:space-between;">

**JAMES E. JOHNSON**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JORGE M. MARQUEZ**
*Senior Counsel*
Phone: (212) 356-2336
Fax: (212) 356-3558
jmarquez@law.nyc.gov

</div>

February 25, 2020

**BY E.C.F.**
Honorable Margo K. Brodie
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>Shaun Reen v. City of New York, et al.</u>,
      16-CV-3347 (MKB) (CLP) (EDNY)

Your Honor:

  I represent defendant Police Officer William Grieshaber in the above reference matter and I write to inform the Court of the Defendant's position concerning "Judge Vitaliano's decision in <u>Miller v. Terrillion</u>, 16-CV-00052 (E.D.N.Y. Feb. 04, 2020) 2020 U.S. Dist. LEXIS 18137, at *10 (E.D.N.Y. Jan. 30, 2020), and any other decision applicable to the issue of whether plaintiff must prove favorable termination in order to proceed with his fabrication of evidence claim."[1] (<u>See</u> Feb. 6, 2020 Minute Entry.)

**I.** **Defendant respectfully contends that Judge Vitaliano's reasoning in <u>Miller v. Terrillion</u> supports dismissal of the Plaintiff's remaining fabrication of evidence claim against Officer Grieshaber.**

  In <u>Miller</u>, Judge Vitaliano held that the plaintiff's acceptance of an adjournment ("A.C.D.") in contemplation of dismissal barred the plaintiff's fair trial claim in light of the U.S. Supreme Court's ruling in <u>McDonough v. Smith</u>, 588 U.S. --, 139 S. Ct. 2149 (2019). In

---

[1] <u>Miller v. Terrillion</u>, 2020 U.S. Dist. LEXIS 18137, at *10 (E.D.N.Y. Jan. 30, 2020) (referred to in this letter as "<u>Miller</u>").

reaching said conclusion, Judge Vitaliano described the state of the law in the Second Circuit prior to McDonough, wherein the acceptance of an A.C.D. would not preclude a fabrication of evidence claim. Judge Vitaliano, however, recognized that McDonough changed the paradigm of fabrication of evidence claims, noting that "the nature of a fair trial claim must be scrutinized at its outset" post-McDonough. Miller, 2020 U.S. Dist. LEXIS 18137, at *15. According to Judge Viatliano, "McDonough expanded the Heck rule only to certain ongoing proceedings, and it stands for the more modest proposition that courts must evaluate the constitutional rights allegedly violated to determine whether the § 1983 action 'necessarily' questions the validity of a[n ongoing] proceeding." Id. at *10

In sum, Judge Vitaliano appears to imply that "certain categories of fair trial claims [that] do not challenge probable cause in a manner threatening the validity of any conviction or sentence" are the only types of claims in which a "favorable termination" element is not a requirement. Id. at * 14. In other words, when a plaintiff "attacks that very charge, and concomitantly, the legality of the prosecution against him, which, indeed, is the only basis for [plaintiff's] constitutional injury," the favorable termination component becomes relevant because the plaintiff "targets the very evidence that would have otherwise been shielded from collateral attack." Id. at *15. In light of the allegations put forth by the Plaintiff in Miller, Judge Vitaliano looked at whether the plaintiff challenged the criminal proceeding by claiming that such criminal proceeding was founded upon fabricated evidence. Given the plaintiff's allegation that the police officer fabricated a statement in the criminal court complaint and that such fabrication led to the plaintiff's constitutional injury, Judge Vitaliano determined that "[i]inescapably, such allegation falls within McDonough's holding, and, consequently, his fair trial claim has not accrued unless and until his criminal proceedings terminated in his favor." Id. at *10.

In this case, the Plaintiff's fabrication of evidence claim is based on Officer Grieshaber purportedly falsifying a statement in the criminal court complaint and that such falsification led to the Plaintiff's constitutional injury. In other words, Plaintiff, like the plaintiff in McDonough, "targets the very evidence that would have otherwise been shielded from collateral attack." Thus, applying Judge Vitaliano's reasoning, plaintiff must satisfy the favorable termination requirement. As argued at the February 6th conference, Plaintiff cannot show that his prosecution can be considered a "favorable termination."

Plaintiff acknowledged at the February 6th conference that the reason why his criminal case was terminated was because of reasons entirely independent of Officer Grieshaber or any purported fabricated evidence. Specifically, Plaintiff admitted that the reason why the criminal proceeding was dismissed was because of the reasons mentioned by the Plaintiff's criminal attorney that served as the basis for a motion to dismiss filed in the criminal proceeding; this motion was solely based on the prosecutor's failure to mail the relevant paperwork to the correct criminal attorney and not because of any purported malfeasance by Officer Grieshaber. Importantly, the Plaintiff's criminal attorney is the one that moved to dismiss the case in the first place, which means that Plaintiff obtained the termination of his criminal prosecution for the very reason that he desired.

Accordingly, Defendant contends that the termination of the criminal procedure is akin to the acceptance of an A.C.D. since Plaintiff traded the resolution of the criminal proceeding for peace via a purely procedural victory, which should not be considered a favorable termination in any context. See Id. at *16. The Plaintiff's fabrication of evidence claim, therefore, should be dismissed based on Judge Vitaliano's reasoning in Miller.

II. **Although Defendants believe that dismissal pursuant to Judge Vitaliano's decision is proper, Defendants nevertheless reaffirm their argument that the more proper analysis should be made in accordance with the Second Circuit's decision in Lanning.**

Notwithstanding the above analysis, Defendant respectfully contends that the argument raised in the Defendant's motions *in limine*, and as argued at the February 6th conference, is the most correct position concerning McDonough's applicability to fabrication of evidence claim. Defendant, thus, respectfully refers the Court to the Defendant's motions *in limine* motion practice and incorporates those arguments to this letter. (See E.C.F. Nos. 83 and 93.)

Thank you for your consideration of this matter.

Respectfully submitted,

*Jorge Marquez* /S/

*Senior Counsel*
Special Federal Litigation Division

cc: **BY E.C.F.**
David Rankin
Beldock Levine & Hoffman
99 Park Avenue, PH/26th Floor
New York, New York 10016
Email: david@DRMTlaw.com

3